---

(23 Misc. Rep. 44.)

### In re REMBE.

#### (Surrogate's Court, Rockland County.    January, 1898.)

GIFTS INTER VIVOS—SAVINGS-BANK BOOK.

> Intestate, an unmarried man with no relatives in this country, had lived with the family of administratrix for many years, and the evidence of the latter's two children showed that intestate, shortly before his death, had handed her his bank book on the Bowery Savings Bank, and told her to keep it, and keep him for the remainder of his days, and that she should have all the property he died possessed of. *Held* sufficient to show a complete gift inter vivos of the bank account; and the fact that she took out letters of administration, thereby alleging that the property belonged to deceased, in order to get the money from the bank without a lawsuit, does not bar her claim to the account.

Judicial settlement of the accounts of Elizabeth Rembe as administratrix of John Henry Fisher, deceased.

George A. Wyre, for administratrix.

A. A. Demarest, for contestant.

TOMPKINS, S.    The intestate, an unmarried man, with no near relatives in this country, had resided with the administratrix and her husband for many years.    After the death of her husband, and while the intestate was still living with her, at West Nyack, she determined to give up housekeeping and live with one of her children.    On one of the occasions, when this subject was being discussed by the administratrix, her son, John P. Rembe, and the intestate, the intestate said that, if Mrs. Rembe would come to Nyack and keep house for him, he would give her everything he had. In the month of April, 1895, she moved to Nyack, and the deceased went with her, and continued to reside with her until his death, in January, 1896.    The only property he possessed at that time consisted of money in the Bowery Savings Bank, which at the time of his death amounted to the sum of about $1,144.    After his death this administratrix applied for and took out letters of administration upon his estate, and now makes and renders her final account as such administratrix.    In and by the account, the administratrix makes the claim that all of the moneys in the savings bank, as

aforesaid, belong to her by reason of a gift by the decedent during his residence with her in Nyack, and she now claims the balance of said moneys, after the payment of the debts and funeral expenses of the deceased, by virtue of such alleged gift; and a further claim is made of $652 for services rendered by her to the decedent in caring for him, boarding, washing, etc. In support of the gift alleged to have been made by the decedent to the administratrix, her son, John P. Rembe, testified, in addition to what has already been noted, that after they moved to Nyack he heard the deceased say that he intended to give everything to Mrs. Rembe, and that he saw him get up from his chair, go into another room, and get the savings-bank book, in which these moneys were entered, and hand it to Mrs. Rembe, at the same time telling her that "she should take it and keep it and keep him for the remainder of his days." He testified positively that the bank book handed to his mother by the deceased, was the Bowery Savings Bank book. He testified, further, that he had heard the deceased say, "When I die she shall have all the property I die possessed of." The witness Elizabeth Armstrong, a daughter of the administratrix, testified that the deceased, in her presence, said that he was going to leave all that he had to her mother. A complete gift of the moneys in the savings bank is clearly made out by the testimony of the witnesses Armstrong and Rembe, and there is no testimony on the part of the contestant impeaching their testimony, or tending to dispute the claim that a gift was actually made. On the contrary, all the circumstances—the fact of the long residence of the deceased with the administratrix and her family, and the fact that he had no family ties or near relatives, and that he was cared for and nursed by Mrs. Rembe—corroborate the claim of the administratrix, and make it appear very reasonable and natural that such a gift should have been made.

The only thing in the case that causes or creates any doubt or question, in my mind, as to the validity of this personal claim of the administratrix, is the fact that she applied for letters of administration, and in the petition necessarily alleged that these moneys belonged to the decedent, and now, as such administratrix, seeks to account for them, alleging, however, in her account, that the moneys were given to her. There is an inconsistency between the allegations of her petition for letters of administration and the fact that she administered at all upon the estate, which consisted only of this fund and her present claim. Does the fact that she took out letters of administration, thereby alleging that the property belonged to the decedent, bar her present claim? I think not, inasmuch as the proof of the claim now made is uncontroverted, and so conclusive; and also in view of the assertion, which is now made in behalf of the administratrix, that the petition for letters of administration was made only to enable her to procure the moneys from the bank, without bringing an action against it to establish the gift and her right to the money. If the claim that a gift had been made rested upon slight proof or upon testimony which was contradicted, then the fact that an inconsistent claim had been made upon application for letters of administration would defeat

the claim of a gift; but in view of the positive testimony in this case, and the circumstances, so consistent with the claim, and the explanation made on behalf of the administratrix of her reason for applying for letters of administration, I find that there was a complete gift inter vivos, that the administratrix is entitled to the balance in her hands of the fund in question, and that the objection filed should be overruled.

The costs and disbursements of this proceeding, including an allowance of $25 to the attorney for the contestant, to be paid out of the fund.  Decreed accordingly.